IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DON WOJTOWICZ, <br> Institutional ID No. 02280307, <br><br> Plaintiff, <br><br> v. <br><br> LUBBOCK COUNTY <br> DETENTION CENTER, <br><br> Defendant. | §§§§§§§§§§§§ | CIVIL ACTION NO. 5:19-CV-163-BQ |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Proceeding pro se and *in forma pauperis*, Plaintiff Don Wojtowicz filed this action on August 9, 2019. Wojtowicz alleges Lubbock County Detention Center (LCDC) violated his constitutional rights, and he seeks monetary damages as a result. Compl. 3–4, ECF No. 1.[1]

On September 16, 2019, the United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 9. The undersigned thereafter reviewed Wojtowicz's Complaint and authenticated records from LCDC and conducted an evidentiary hearing on December 12, 2019, in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). ECF No. 15.

Not all parties have consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned makes the following Report and Recommendation to the United States District Judge.

---

[1] Page citations to Wojtowicz's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

1

I.   **Standard of Review**

A court must dismiss a complaint filed by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated").

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. At Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such

plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. <u>Background</u>

Wojtowicz's Complaint alleges that LCDC failed to provide him with one hour of recreation time every twenty-four hours while LCDC held him in the Secure Housing Unit (SHU) for sixty days, thereby violating his constitutional right to not be subjected to cruel and unusual punishment.[2] Compl. 3–4; *see also* Tr. 2:00:40–:01:55. During the *Spears* hearing, Wojtowicz further claimed that LCDC violated his constitutional rights by permitting showers only three times per week during this same period (Tr. 2:15:25–:55) and also by retaliating against him for filing grievances concerning the Health Insurance Portability and Accountability Act (HIPAA). Tr. 2:01:55–:02:10. Wojtowicz confirmed that LCDC offered him one hour of recreation time on Sundays, Tuesdays, and Thursdays (Tr. 2:09:20–:30), but he further admitted that he regularly *rejected* the recreation time offered to him and only accepted such respite on roughly three occasions. Tr. 2:10:20–:50. Upon further questioning, Wojtowicz maintained that he believed the Constitution requires LCDC to offer him time out of his cell every twenty-four hours. Tr. 2:10:50–:11:30. When asked how the denial of daily recreation time harmed him, Wojtowicz claimed mental anguish and that he is now suffering from Post-Traumatic Stress Disorder (PTSD); however, he alleged no physical harm arising from the lack of recreation time nor from the alleged psychological trauma. Tr. 2:12:45–:14:45.

---

[2] During the *Spears* hearing, Wojtowicz indicated that LCDC officials initially placed him in the SHU for threatening another inmate. Tr. 2:06:55–:08:55. Wojtowicz asserted that officials then gave him another thirty days of SHU confinement for threatening a member of the medical staff; he denies threatening medical staff and asserts that his continued placement in the SHU was retaliatory. Tr. 2:01:55–:03:30.

### III. Discussion

Wojtowicz's Complaint should be dismissed for three separate reasons. First, the only named Defendant lacks the capacity to sue or be sued. Second, Wojtowicz's allegations do not rise to the level of cruel and unusual punishment based on his conditions of confinement, and he has not alleged physical harm resulting from the denial of recreation time or shower access. Finally, Wojtowicz's vague retaliation claim is conclusory and frivolous.

**A. Capacity to Sue**

Despite appearing at a *Spears* hearing and being queried regarding the Defendant(s) he wished to name in this suit, Wojtowicz named only one Defendant in this action, Lubbock County Detention Center. Compl. 2; Tr. 2:14:55–:15:05. "A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence." *Bell v. Dall. Cty. Sheriff's Dep't*, No. 3:16-CV-3415-L-BH, 2019 WL 4418227, at *2 (N.D. Tex. Aug. 19, 2019) (citing *Darby v. Pasadena City Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991)). This Court has previously held that LCDC is not a jural entity capable of being sued. *See Finley v. Lubbock Cty. Det. Ctr.*, CIVIL ACTION NO. 5:16-CV-209-BQ, 2017 WL 6761924, at *4 (N.D. Tex. Oct. 31, 2017). As such, this action should be dismissed because the only named Defendant is not subject to suit. *See Hatton v. Harris Cty. Jail*, Civil Action No. H-18-1948, 2019 WL 1858826, at *2–3 (S.D. Tex. Apr. 25, 2019) (granting summary judgment to Harris County Jail because it did not have the capacity to sue or be sued).

## B. Conditions of Confinement[3]

While the Constitution does not mandate comfortable prisons, it does require humane ones, and the Eighth Amendment governs the conditions under which inmates are confined. *Reagan v. Burns*, Civil Action No. 3:16-CV-2590-G-BH, 2019 WL 6733023, at *13 (N.D. Tex. Oct. 30, 2019) (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)). Only those officials who know of and disregard "an excessive risk to inmate health or safety" are liable under the Eighth Amendment for denying inmates humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

> A constitutional violation . . . occurs only when two requirements are met. First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need. Second, under a subjective standard, we must determine whether the prison official responsible was deliberately indifferent to inmate health or safety.

*Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal citations and quotation marks omitted). Further, "the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*." *Reagan*, 2019 WL 6733023, at *13 (citing *Alexander v. Tippah Cty.*, 351 F.3d 626,

---

[3] The undersigned notes that, based on his *Spears* hearing testimony, at least a portion of Wojtowicz's claim regarding his conditions of confinement concern conditions within LCDC *after* he had been convicted but not yet transferred to a Texas Department of Criminal Justice facility. *See* Tex. Dep't of Criminal Justice, *Offender Information Search*, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=50285899 (last visited Jan. 31, 2020) (indicating that state court sentenced Wojtowicz on August 23, 2019). As to conditions of confinement claims by pretrial detainees, "[t]he Fifth Circuit has concluded that where a pretrial detainee challenges the general conditions of confinement, as opposed to particular acts or omissions, a constitutional violation exists only if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective." *Drumm v. Valdez*, Civil Action No. 3:16-CV-3482-M-BH, 2019 WL 7494443, at *9 (N.D. Tex. Dec. 3, 2019) (citing *Hare v. City of Corinth*, 74 F.3d 633, 640 (5th Cir. 1996)), *R. & R. adopted by* 2020 WL 85163 (N.D. Tex. Jan. 6, 2020). To the extent Wojtowicz's claims are raised as a pretrial detainee attacking the general conditions of his confinement, the undersigned's ultimate conclusion remains the same. Dismissal is appropriate because limiting the time during which individuals detained in the SHU are allowed out of their cells to shower or recreate is a legitimate, non-punitive governmental objective, particularly in light of the facts alleged herein by Wojtowicz. *See, e.g., Hawkins v. Montague Cty.*, Civil Action No. 7:10-cv-19-O, 2012 WL 13019680, at *7 (N.D. Tex. Aug. 1, 2012) (holding that jail officials did not violate pretrial detainee's constitutional rights even where recreation time fell below state-mandated minimums). Further, as discussed below, Wojtowicz's claims are barred by § 1997e(e).

630–31 (5th Cir. 2003)). Finally, deliberate indifference "is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotations omitted).

> To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.

*Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

The Court need not decide whether denial of daily recreation and shower time is an adequately severe deprivation such that it denied Wojtowicz a basic human need because his claims fail on other grounds. First, Wojtowicz's Complaint and *Spears* testimony is devoid of any assertion that LCDC was aware that providing recreation time and showers three days per week could create an excessive risk to his health or safety, let alone that LCDC actually drew such an inference. Second, Wojtowicz has not alleged that the deprivations at issue exposed him to a substantial risk of serious harm. Thus, such claims fail at the deliberate indifference step. *See Umondak v. Ginsel*, 426 F. App'x 267, 269 (5th Cir. 2011) (sustaining dismissal of inmate's claim as frivolous because inmate did not show officials were aware of excessive risk to his health or safety arising from denial of out-of-cell exercise for twenty-five days); *Haralson v. Campuzano*, 356 F. App'x 692, 696–97 (5th Cir. 2009) (upholding grant of summary judgment on inmate's claim that denying him exercise and recreational activity for seven months while in the infirmary violated his rights); *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) (affirming summary judgment as to inmate's Eighth Amendment claim after prison officials denied him out-of-cell exercise for thirteen months because officials never exposed him to substantial risk of serious harm).

Further, 42 U.S.C. § 1997e(e) bars Wojtowicz from recovering damages based on his allegation that he suffers from PTSD because of the lack of recreation. Federal law prohibits

prisoners from recovering "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).[4]  As such, Wojtowicz's purported PTSD does not entitle him to damages absent factual assertions demonstrating physical injury. *See Alexander*, 351 F.3d at 631; *Chadman v. Quisenberry*, CIVIL ACTION NO. 4:17-CV-700-Y, 2019 WL 3530422 (N.D. Tex. Aug. 2, 2019) (citing *Herman v. Holiday*, 238 F.3d 660, 665–66 (5th Cir. 2001)) (noting that the "physical-injury requirement has long been recognized as applying to claims under the Eighth Amendment"). Wojtowicz has not alleged a physical injury arising from his conditions of confinement. When asked how the deprivations harmed him, he cited only PTSD, which he claimed manifested itself in his lack of appetite, excessive sleeping, mind racing while awake, and thoughts of suicide. Tr. 2:13:55–:14:45.

At its core, Wojtowicz's claim is a naked assertion that LCDC's failure to provide recreation time and showers every day violates the Eighth Amendment's cruel and unusual punishment clause. The law does not support that position and dismissal of Wojtowicz's claims is appropriate. *See Field v. Corrs. Corp. of Am. Inc.*, 364 F. App'x 927, 930 (5th Cir. 2010) (affirming dismissal of condition of confinement claim where inmate claimed denial of recreation or exercise but did not allege physical injury or that denial was for an extended period of time); *Alexander*, 351 F.3d at 631 (upholding dismissal of Eighth Amendment claims under § 1997e(e) where inmates alleged mental and emotional damages but did not assert physical injuries); *Reagan*, 2019 WL 6733023, at *13–18 (holding that showers three days per week did not amount to a

---

[4] The undersigned notes that § 1997e(e)'s prohibition applies to Wojtowicz even if his claims are made in the capacity of a pretrial detainee. *See* 42 U.S.C. § 1997e(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see also Pomier v. Leonard*, 532 F. App'x 553, 553 (5th Cir. 2013) (concluding that a pretrial detainee is a "prisoner" within meaning of § 1997e(e)).

serious deprivation of hygienic care and dismissing numerous other conditions of confinement claims raised by federal inmate for failure to allege necessary elements); *Hmeid v. Nelson Coleman Corr. Ctr.*, CIVIL ACTION NO. 18-3449, 2018 WL 4922381, at *17–18 (E.D. La. Aug. 15, 2018) (dismissing inmate's claim that Eighth Amendment required forty-five minutes of recreation time every day). *Cf. Bradley*, 157 F.3d at 1025–26 (holding that denial of opportunity to bathe for several months violated Eighth Amendment where prison officials knew of inmate's medical needs and unhygienic conditions resulted in fungal infection).

### C. Retaliation

During the *Spears* hearing, Wojtowicz claimed that LCDC officials placed him in the SHU for an additional thirty days in retaliation for his filing of grievances associated with purported violations of HIPAA. Tr. 2:01:55–:02:10. The Court need not delve too deeply into the essence of Wojtowicz's retaliation claim.

A plaintiff must demonstrate the following to establish a claim for retaliation: "(1) the existence of a specific constitutional right; (2) the defendant's intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). "To substantiate a claim of retaliation, '[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.'" *Haddix v. Kerss*, 203 F. App'x 551, 554 (5th Cir. 2006) (quoting *Woods*, 60 F.3d at 1166). A prisoner's conclusory allegations are insufficient to support a retaliation claim. *Jones*, 188 F.3d at 325. Causation requires a showing that "but for the

retaliatory motive the complained of incident . . . would not have occurred." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (quoting *Rodriguez*, 110 F.3d at 310).

Wojtowicz's statements during the *Spears* hearing show that he has no knowledge of facts supporting his assertion that LCDC officials intended to retaliate against him for his HIPAA complaints except his personal beliefs and assumptions concerning a statement he overheard between two LCDC officials. Wojtowicz asserted that he believed his second placement in the SHU was retaliatory because shortly before that placement occurred, he "overheard the doctor's right-hand man say . . . 'we can do that today,'"[5] while glancing over at Wojtowicz, and that the doctor and another man nodded to each other. Tr. 2:02:35–:04:25. Wojtowicz, however, further stated that he did "not know if they were referring to a football game after work, or going to Buffalo Wild Wings [and] enjoying a football game, or going and playing golf." Tr. 2:04:25–:35. Wojtowicz indicated he believed, based on the gestures he saw, that "something was going to happen that day." Tr. 2:04:35–:50. Other than an out-of-context statement and vague references to gestures that he believed were directed at him, Wojtowicz provides no other basis for his belief that the two officials intended to continue his placement in the SHU for the purpose of retaliating against him for filing HIPAA grievances. Tr. 2:05:05–:15. As such, Wojtowicz's claim of retaliation is based on bare conjecture and his personal belief that he was the victim of retaliation by LCDC officials. Dismissal of his claim is therefore appropriate. *See Coronado v. Lennox*, Civil Action No. 5:12-CV-00044-BG, 2012 WL 7005384, at *2 (N.D. Tex. Oct. 15, 2012) (citing *Trevino v. Gutierrez*, 426 F. App'x 327, 330 (5th Cir. 2011)) (recommending dismissal of prisoner's retaliation claim premised on nothing more than prisoner's personal belief that he was victim of retaliation), *R. & R. adopted by* 2013 WL 440149 (N.D. Tex. Feb. 5, 2013).

---

[5] Wojtowicz was not certain as to the precise phrasing of this statement he claims to have overheard.

9

### IV. **Recommendation**

For the foregoing reasons, the undersigned recommends that Wojtowicz's Complaint and all claims therein be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted.

### V. **Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 31, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE